IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

    Plaintiff,

v.

TONY EVERS, et al.

    Defendants.

ORDER

Case No. 24-cv-839-jdp

---

MATTHEW C. STECHAUNER,

    Plaintiff,

v.

TONY EVERS, et al.

    Defendants.

ORDER

Case No. 24-cv-840-jdp

---

Plaintiff Matthew C. Stechauner has submitted a certified inmate trust fund account statement in support of a motion for leave to proceed without prepaying the filing fee. The court must now determine whether plaintiff qualifies for indigent status and, if so, calculate initial partial payments of the filing fees for these cases.

Even when a prisoner litigant qualifies for indigent status, the litigant must pay a portion of the filing fee pursuant to 28 U.S.C. § 1915(b)(1). Using information from plaintiff's trust fund account statement, I have calculated plaintiff's initial partial payment for each case to be $109.73 (total amount $219.46). For these cases to proceed, plaintiff must submit this amount on or before January 3, 2025.

If plaintiff does not have sufficient funds in a regular inmate account to make the initial partial payments, then plaintiff should arrange with prison officials to make the payments from a release account. However, prison officials will draw funds first from plaintiff's regular account

and any portion of the initial partial payments remaining from plaintiff's release account. *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005).

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew C. Stechauner is assessed an initial partial payment of $109.73 for each case 24-cv-839-jdp and 24-cv-840-jdp. Plaintiff must submit a check or money order in the amount of $109.73 for each case (or one check in the amount $219.46) payable to the clerk of court by January 3, 2025 or advise the court in writing why plaintiff is not able to make the initial partial payment.

2. No further action will be taken in this case until the clerk's office receives the initial partial payment as directed above and the court has screened the complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2). Once the screening process is complete, the court will issue a separate order.

2. If plaintiff fails to make the initial partial payment by January 3, 2025, or fails to show cause why the payment could not be made, then I will assume that plaintiff wishes to withdraw this action voluntarily. In that event, the case will be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). If plaintiff submits the initial partial payment within 30 days of dismissal, the case will be reopened. The court will not reopen the case after 30 days unless plaintiff makes a showing that they are entitled to relief under Federal Rule of Civil Procedure 60(b).

Entered this 6th day of December, 2024.

BY THE COURT:

/s/
ANDREW R. WISEMAN
United States Magistrate Judge