IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW C. STECHAUNER,

Plaintiff,

v.

TONY EVERS, *et al.*,

Defendants.

ORDER

24-cv-839-jdp

---

MATTHEW C. STECHAUNER,

Plaintiff,

v.

TONY EVERS, *et al.*,

Defendants.

ORDER

24-cv-840-jdp

---

Plaintiff Matthew C. Stechauner, a state prisoner representing himself, has filed a motion for the appointment of counsel in his two open cases in this court. Dkt. 20.[1] In Case No. 24-cv-839, plaintiff alleges that staff at New Lisbon Correctional Institution provided inadequate medical care for a hand injury and his chronic health conditions, and that New Lisbon does not have an on-site doctor. In Case No. 24-cv-840, plaintiff alleges that New Lisbon and Oshkosh Correctional Institution staff provided inadequate mental health treatment and that New Lisbon staff allowed him to harm himself. Both cases are in the discovery phase. For the following reasons, I will deny plaintiff's motions for counsel.

---

[1] The docket number for plaintiff's motion for counsel is the same in both cases. Plaintiff has also filed a motion for injunctive relief in each of these cases that the court will address in a separate order. Plaintiff's third case, Case No. 24-cv-111-jdp, was dismissed.

ANALYSIS

Plaintiff asks the court for counsel, citing ongoing mental health challenges and stress from litigating his federal lawsuits, as well as hand pain that makes drafting court filings difficult.  He also attests to trying to find an attorney on his own via phone and through e-mail, and with the help of his family, and states that both of these cases will require expert testimony.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters.  Rather, the court can only help recruit counsel who may be willing to serve voluntarily.  *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements.  *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010).  First, he must show that he is unable to afford counsel.  Plaintiff has met this requirement because he is proceeding in these lawsuits without having to pay the full filing fee to proceed.  Dkt. 4 in the '839 case & Dkt. 4 in the '840 case.

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own.  *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts").  This court usually requires proof of such efforts in the form of letters from attorneys, law firms or legal aid organizations in response to a plaintiff's request for representation.  For purposes

2

of these motions, the court will accept plaintiff's statement that he has made unsuccessful efforts to find an attorney.[2]

Third, plaintiff must demonstrate that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. The court receives hundreds of new lawsuits every year from unrepresented plaintiffs, and there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's motion must be denied because it is too early to tell whether either of these cases are among the relatively few in which it is necessary to recruit counsel. Federal civil litigation is generally challenging for most self-represented, indigent parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. If plaintiff ever needs more time to complete a litigation task because of a medical or mental health issue or treatment, he may request an extension from the court for good cause.

In these two cases, plaintiff alleges inadequate medical and mental health care. To the extent plaintiff is generally concerned about more trial-type legal tasks such as expert witness

---

[2] To satisfy this requirement, plaintiff also notes that he submitted copies of letters he received from attorneys declining to represent him in a previous case. *See* Dkt. 44-2 in Case No. 24-cv-111-jdp. Plaintiff cannot continue to rely on efforts he made previously in another case. That plaintiff was unable to find legal representation in one case does not mean the same will be true in another case.

examination and the presentation of evidence, he won't be required to perform those tasks unless any of his claims proceeds to trial.  And it is too early to tell what the ultimate scope and complexity of this case will be or whether this case will truly boil down to issues requiring medical experts.  The parties are engaging in discovery, and plaintiff has received the court's guidance on how to use the discovery process to obtain information from defendants to support his claims.  Dkt. 22.  He can also rely on his personal knowledge of his medical and mental health care and his medical records to draft his discovery requests, and he can use the resources in his institution's law library to research issues and prepare court filings.  Plaintiff's filings to date in these two cases and his participation in the telephonic preliminary pretrial conferences suggest that he is able to engage in discovery and litigate his claims, and that his abilities are not below those of the hundreds of plaintiffs who bring cases in this court each year, including medical and mental health care cases like these, without the aid of counsel.

The court will deny plaintiff's motions without prejudice.  He can renew his request for assistance with recruiting legal representation if his circumstances change and he believes that he is unable to continue to litigate either lawsuit himself.  If plaintiff refiles his request, he will need to provide proof of his renewed efforts to obtain counsel on his own and explain what specific litigation tasks he is unable to accomplish and why.

4

ORDER

IT IS ORDERED that plaintiff Matthew C. Stechauner's motions for assistance in recruiting counsel, Dkt. 20 in Case Nos. 24-cv-839-jdp & 24-cv-840-jdp, are DENIED without prejudice.


Entered April 8, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge